UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBIN ELLIS,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:15-cv-137

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE COMMISSIONER'S MOTION FOR REMAND (DOC. 8) BE GRANTED IN PART DENIED IN PART; (2) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (3) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (4) THIS CASE BE CLOSED**

---

    This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] Following submission of the administrative record (doc. 6),[3] Plaintiff filed a Statement of Errors (doc. 7), to which the Commissioner filed no opposition. Instead, the Commissioner moves to remand the case for further proceedings, conceding that the ALJ's decision contains error and is unsupported by substantial evidence. Doc. 8. Plaintiff agrees that the ALJ committed error and, instead of a new hearing on remand, seeks an

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this opinion to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

immediate award of benefits. Doc. 9. This issue is now ripe for decision.

## I.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

Plaintiff argues that an award of benefits is appropriate because the opinions of her treating physicians -- which were improperly rejected by the ALJ -- support a disability finding.[4] Doc. 7 at PageID 1297-1304 ; doc. 9 at PageID 1309-10. The Court agrees with Plaintiff that the ALJ erred in her analysis of the medical source opinions of record, including opinions from treating physicians James E. Wilcher, D.O.; Aivars Vitols, D.O.; and Barbara Bennett, D.O. *See* PageID 800-02, 949, 1222-24, 1275-76.

---

[4] Plaintiff also argues -- based upon the testimony of the vocational expert ("VE") at the June 18, 2013 hearing -- that the Medical-Vocational Guidelines ("Grid"), 20 C.F.R. Part 404, Subpart P, Appendix 2, directs a finding of disability as of her fiftieth birthday. Doc. 7 at PageID 1296-97; doc. 9 at PageID 1309-10. While the undersigned agrees with Plaintiff that the VE's testimony precludes performance of her past relevant work, *see* PageID 104 -- contrary to the ALJ's conclusion, PageID 63-64 -- it is not clear that the Grid directs a disability finding for someone, like Plaintiff, who is "closely approaching advanced age"; limited to sedentary work; and unable to perform her past relevant work. PageID 56; doc. 7 at PageID 1296-97; 20 C.F.R. §§ 404.1563, 416.963. Although Plaintiff cites to the Grid generally, she does not direct the undersigned to a particular rule that necessitates a disability finding. *See* doc. 7 at PageID 1296-97; doc. 9 at PageID 1309-10. Table 1 in the Grid, regarding sedentary work, requires findings regarding an individual's education and the transferability of skills from his or her previous work experience -- findings which are absent from the record. 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1, Rules 201.09 - 16.

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original).  This requirement is known as the "treating physician" rule.  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted).  Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2); *see also id.* at 406.

When the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley*, 581 F.3d at 406; *see also* 20 C.F.R. § 404.1527(c).

The ALJ assigned "minimal" or "limited" weight to the opinions of treating physicians Wilcher, Vitols, and Bennett.  PageID 62-63.  As noted by Plaintiff, in weighing the opinions of all three doctors, the ALJ found each opinion inconsistent with the "mild objective and clinical findings" in the record, but failed to cite any specific evidence that undermines each doctor's limitations and restrictions.  *See* PageID 62-63.  The undersigned finds error in this regard.  *See*

*Friend v. Comm'r of Soc. Sec.*, 375 F. App'x. 543, 551–52 (6th Cir. 2010) (holding that "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record" in the absence of "some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion . . . gets the short end of the stick").  Further, the ALJ's analysis of the treater's opinions does not reflect consideration of any of the deferential weight factors found in 20 C.F.R. § 404.1527(c), such as the multi-year treating relationships with Drs. Vitols and Wilcher; the specialty of Dr. Vitols; and the relative consistency of the opinions.  *See* PageID 62-63.  The undersigned, therefore, finds the ALJ's analysis of the medical source opinions unsupported by substantial evidence.

The ALJ's error in this regard merits reversal for an immediate award of benefits because proof of disability is strong and opposing evidence lacks substance.  As noted above, there are opinions from three of Plaintiff's treating physicians -- of all which preclude work or are more restrictive than the ALJ's residual functional capacity ("RFC") finding -- and, together, they establish Plaintiff's entitlement to benefits.  *See* PageID 107, 800-02, 949, 1222-24, 1275-76.  Notably, there is no contrary opinion evidence in the record that the ALJ relied upon in constructing Plaintiff's physical RFC.[5]  *See* PageID 61-63.  Further, the undersigned is disinclined to remand in light of the three administrative hearings Plaintiff has already received -- indicating that sufficient fact-finding has taken place -- and because it would further and unnecessarily delay this case, filed over seven years ago. PageID 74-144, 349-55.  Accordingly,

---

[5] The only medical opinion in the record regarding Plaintiff's physical limitations that is less restrictive than those of Plaintiff's treating physicians is from record reviewing physician Lynne Torello, M.D., who opined that Plaintiff retained the RFC to perform a reduced range of light work.  PageID 805-12.  However, the ALJ assigned her opinion "little weight," because it "does not adequately account for the combined effects of the claimant's multiple impairments[.]"  PageID 61.

because no factual issues remain and the record demonstrates Plaintiff's entitlement to benefits, remand for an immediate award of benefits should occur.

## II.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. The Commissioner's motion for remand (doc. 8) be **GRANTED IN PART AND DENIED IN PART**, and this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits;

3. This case be **CLOSED**.

Date:   February 8, 2016                                         *s/ Michael J. Newman*
                                                                 Michael J. Newman
                                                                 United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).